Curran, Dennis J., J.
The plaintiffs, unsuccessful litigants in appealing James Daley’s application for long-term Medicaid benefits due to a defectively-drafted trust, have filed a motion for reconsideration of the Court’s decision. The motion sensationally invokes Mass.R.Civ.P. 60(b)(3) which requires that the moving party prove “. . . fraud, misrepresentation or other misconduct of an adverse party ...”
Ms. Daley’s motion, through newly-retained counsel’s words,[1] alleges that attorneys for the Office of Medicaid . . recklessly omitted pertinent informa *265 tion about the law” (page 1), needlessly reminds the Court of that attorney’s obligations under the Massachusetts Rules of Professional Conduct (page 2), alleges that the attorney . . knowingly [made] a false statement of fact or law to a tribunal” (page 2), accuses him of “knowingly . . . failing] to disclose to the tribunal legal authority . . . known to the lawyer to be directly adverse “. . . recklessly misled [the Court]” (page 2), charges him with selectively quoting from the MassHealth regulations (page 3), “... fail[ing] to disclose [other] final decisions of the agency [to] this Court, in violation of their duty of candor . . .” (page 4), “. . . intentionally and recklessly undisclos[ing] another Fair Hearing Decision to the Hearing Officer and the Court" (page 6), “. . . [violating] the duty of candor to the tribunals” (page 8), accuses the attorneys employed by the Office of Medicaid of being “[un]fair to opponents and [not] candid with the [court]” (page 10), charges the Medicaid attorney with “. . . us[ing] his position or the economic power of the government to harass parties or bring about unjust settlement or results” (page 11), “recklessly omit[s] [numerous other issues]... in violation of the duty of candor to the tribunal” (page 14), and most disturbingly, accuses the attorney for the Office of Medicaid of failing “. . .to see that the law is followed, not simply to win." (page 10). (Emphasis supplied.)
The attorney for the Office of Medicaid well-briefed and well-argued his state agency’s position on the motion for judgment on the pleadings. He was professional, respectful and candid in all matters involving this case. The present ad hominem attack on him is unjustified, smacks of desperation, is unprofessional, and will not be indulged. The plaintiffs simply lost their case. Post-decisional posturing and repugnant personal attacks will not be tolerated, nor are they the proper subject of a motion for reconsideration. As established by Audubon Hill South Condominium Association v. Community Association Underwriters of America, Inc., 82 Mass.App.Ct. 461, 470 (2012), a party seeking reconsideration must specify: “(1) ‘changed circumstances’ such as (a) newly discovered evidence or information; or (b) a development of relevant law, or (2) a particular and demonstrable error in the original ruling or decision.”
None of these criteria apply here.
Indeed, as the Office of Medicaid’s opposing memorandum details, the plaintiffs have had seven prior opportunities to make the alleged substantive arguments they have interwoven with their present memorandum of toxicity. Those occasions were:
1. during the Medicaid application process;
2. in the memoranda filed with the Hearing Officer before the hearing with the Board of Hearings;
3. in the memoranda filed with the hearing officer in the record open period after the hearing before the Board of Hearings;
4. during testimony and argument at the Board of Hearings;
5. in the plaintiffs Request for a rehearing sent to the Director of Medicaid;
6. in either their Motion or Memorandum on Judgment on the Pleadings filed with this Court; and
7. during the oral argument on that motion held on December 1, 2015.
The plaintiffs, in their prayer, ask for “any such other and further relief as is just and equitable.” They shall have their wish. Their pleadings are stricken from the record forthwith.
The action of striking a pleading is undertaken only with great reluctance and deep disappointment. But neither professionalism nor our judicial system can countenance plaintiff attorney’s conduct in this case, behavior that cries out for an appropriate judicial response. Such conduct is unworthy of attorneys and disserves their clients.
ORDER
For these reasons, the plaintiffs motion for reconsideration is stricken from the record forthwith.

 The original attorney’s name remains on the Daley memorandum as well, but the tone and vitriol is completely different from all prior pleadings filed by that counsel, and can only lead one inescapably to the conclusion that such repugnant language was generated by this newly-engaged attorney.